IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:25-CV-78-FL

| | | |
|---|---|---|
| JIMMYE RAFAEL QUINONEZ MORALES,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, U.S. Secretary of Homeland Security; JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services,<br><br>Defendants.[1] | ) | ORDER |

This matter is before the court upon defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (DE 20). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiff commenced this action with complaint filed July 9, 2025, against the United States Attorney General (the "Attorney General"), the United States Secretary of Homeland Security (the "Secretary"), and the Director of United States Citizenship and Immigration Services (the "Director" of "Citizenship and Immigration Services"), asserting a violation of plaintiff's due process rights under the Fifth Amendment to the Constitution and additional claims under the

[1] The court substitutes Todd Blanche for Pam Bondi, Markwayne Mullin for Kristi Noem, and Joseph B. Edlow for Angelica Alfonso-Royals pursuant to Federal Rule of Civil Procedure 25(d). The clerk is DIRECTED to amend the docket text to conform with the caption of this order.

Administrative Procedure Act (the "APA"), 5 U.S.C. § 701 et seq., and the Declaratory Judgment Act, 28 U.S.C. 2201. Plaintiff seeks declaratory and injunctive relief, attorneys' fees, and costs.

Defendants filed the instant motion to dismiss January 21, 2026, relying on Instructions for Application for Provisional Unlawful Presence Waiver and Warrant of Removal/Deportation. Defendants argue that plaintiff fails to state a claim for violation of his due process rights and that this court lacks subject matter jurisdiction over plaintiff's remaining claims. Plaintiff responded in opposition, noting withdrawal of his due process claim.[2] Defendants replied, attaching to their reply Citizenship and Immigration Services Decision.

**STATUTORY AND REGULATORY FRAMEWORK**

To provide context to the alleged facts, the court first sets forth a summary of the relevant statutory and regulatory framework regarding immigration.

Under the Immigration and Nationality Act of 1952 (the "INA"), 8 U.S.C. § 1101 et seq., "noncitizens who are married to United States citizens can apply for lawful-permanent-resident status – colloquially known as receiving a 'green card.'" Lovo v. Miller, 107 F.4th 199, 202 (4th Cir. 2024). This multi-step process is termed applying for "adjustment of status." Id. Before "noncitizens who are unlawfully present in the United States . . . can obtain lawful-permanent-resident status, they must exit the country and apply for an immigrant visa." Id. (citing 8 U.S.C. § 1202(a)). However, "[i]f a noncitizen has been unlawfully present in the United States for more than one year and leaves the country voluntarily—such as when they leave to apply for a visa—they are ineligible to receive a visa for ten years." Id. (citing 8 U.S.C. § 1182(a)(9)(B)(i); 22 C.F.R. § 40.92(b)).

Given this conundrum faced by certain applicants, the Secretary, "acting through

[2] Where such claim has been withdrawn, the court does not address defendants' argument that plaintiff fails to state a claim for violation of due process.

[Citizenship and Immigration Services,] may waive a noncitizen's unlawful presence and thereby do away with the ten-year ban." Id. at 203; see 8 U.S.C. § 1182(a)(9)(B)(v) ("The Attorney General has sole discretion to waive" an applicant's unlawful presence "if it is established to the satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien.).[3] Initially, an individual seeking such a waiver had to leave the country and remain abroad while his application was adjudicated, but in 2013, the Secretary "promulgat[ed] regulations that permit some noncitizens to apply for a provisional unlawful presence waiver without leaving the United States," using Form I-601A. Lovo, 107 F.4th at 203 (citing 8 C.F.R. § 212.7(e)). "If [Citizenship and Immigration Services] grants the provisional waiver, it automatically becomes effective when the noncitizen leaves the United States and appears at a United States embassy or consulate, so long as the State Department determines that the noncitizen is otherwise eligible for an immigrant visa." Id. (citing 8 C.F.R. § 212.7(e)(12)(i)). "Once effective, the waiver permits the noncitizen to receive an immigrant visa without the mandatory waiting period." Id. (citing 8 C.F.R. § 212.7(e)(12)(ii)).

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows.

Plaintiff entered the United States as a minor in 2004, whereupon he was detained and place in removal proceedings. (Compl. ¶ 12). A removal hearing was scheduled for May 26, 2005 (the "hearing"), and notice to appear was served on plaintiff. (Id. ¶ 13). Plaintiff's mother "failed to transport [p]laintiff to the hearing," and plaintiff was ordered removed in absentia May 26, 2005.

[3] This code section refers to the Attorney General, but Congress subsequently transferred the relevant authority to the Secretary. See 8 U.S.C. § 1103; Nielsen v. Preap, 586 U.S. 392, 398 n.2 (2019) ("Congress has empowered the Secretary to enforce the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq., though the Attorney General retains the authority to administer removal proceedings and decide relevant questions of law.").

(Id. ¶¶ 13, 14).

More than a decade later, plaintiff filed Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal, which application was approved April 19, 2021.[4] (Id. ¶ 15). Subsequently, plaintiff filed Form I-601A, Application for Provisional Unlawful Presence Waiver (the "provisional waiver application"), "citing extreme hardship to his U.S. citizen spouse and reasonable cause for his failure to attend the removal hearing." (Id. ¶ 17). Citizenship and Immigration Services issued a request for evidence, "requiring [p]laintiff to explain his absence from the hearing," and "[p]laintiff responded with an affidavit and legal memorandum demonstrating that he was a minor dependent on his mother for transportation and had no knowledge or control over the hearing schedule." (Id. ¶¶ 17, 18). Ultimately, "[Citizenship and Immigration Services] denied [p]laintiff's application on November 26, 2024, asserting that the circumstances did not constitute reasonable cause under INA § 212(a)(6)(B)." (Id. ¶ 19).

## COURT'S DISCUSSION

A. Standard of Review

Where a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, plaintiff bears the burden of showing that federal jurisdiction is appropriate when, as here, challenged by a defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a

[4] Submission of Form I-212 is a separate step in the adjustment of status process.

defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

B. Analysis

Defendants contend this court lacks jurisdiction because the statute providing the authority to grant provisional waiver applications, such as plaintiff's, further provides that "[n]o court shall have jurisdiction to review a decision or action . . . regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v); see Lovo, 107 F.4th at 205 ("Courts may not . . . exercise jurisdiction over an APA claim if the claim falls under an exception to the APA's judicial-review provisions," such as "when statutes preclude judicial review." (quotation omitted)).

Plaintiff does not dispute that "§ 1182(a)(9)(B)(v) bars review of [Citizenship and Immigration Services's] ultimate decision on the waiver application." Lovo, 107 F.4th at 206 (emphasis in original); (see Resp. (DE 22) at 2 ("Plaintiff does not dispute that ultimate discretion.")). Instead, plaintiff argues that he "challenges the legal framework the agency applied before exercising that discretion." (Resp. (DE 22) at 2). Plaintiff's argument fails on two fronts.

First, the contention that plaintiff does not challenge defendant Citizenship and Immigration Services's ultimate decision regarding plaintiff's provisional waiver application is belied by the face of the complaint. (See, e.g., Compl. ¶ 1 ("This action seeks judicial review of [Citizenship and Immigration Services's] denial of [p]laintiff's [provisional waiver application]."); ¶ 21 ("[Citizenship and Immigration Services's] denial of [p]laintiff's [provisional waiver application] was arbitrary and capricious."); ¶ 23 ("The denial constitutes an abuse of discretion."); ¶ 29 ("Plaintiff seeks a declaratory judgment . . . declaring that [Citizenship and Immigration Services's] denial of his [provisional waiver application] was unlawful.")). Thus, where plaintiff

explicitly seeks review of a decision for which a statute precludes judicial review, this court lacks jurisdiction to consider his complaint.

Relying on Moore v. Frazier, 941 F.3d 717 (4th Cir. 2019), plaintiff asserts that this court's "jurisdiction is not stripped where the plaintiff challenges a separate question of statutory authority rather than the discretionary judgment itself." (Resp. (DE 22) at 3). However, the complaint does not challenge a question of statutory authority, and plaintiff cannot amend his complaint by response to defendants' motion. Hierholzer v. Guzman, 125 F.4th 104, 115 (4th Cir. 2025) ("[P]arties may not amend their complaints through briefing." (quotation omitted)). Thus, plaintiff's reliance on Moore is inapposite.

Second, even if plaintiff effectively challenged the legal framework applied by Citizenship and Immigration Services when denying plaintiff's provisional waiver application, such a challenge would still be foreclosed by the plain language of 8 U.S.C. § 1182(a)(9)(B)(v), which gives the Secretary "sole discretion to waive" certain applicant's inadmissibility "if it is established to the satisfaction of the [Secretary] that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien." 8 U.S.C. § 1182(a)(9)(B)(v). However, "[n]o court shall have jurisdiction to review a decision or action . . . regarding a waiver under this clause." Id.

"[T]he use of 'regarding' in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject," here, a decision on a provisional waiver application, "but also matters relating to that subject," such as the basis for that denial. Patel v. Garland, 596 U.S. 328, 338-39 (2022) (quotation omitted). Thus, to the extent plaintiff challenges the basis Citizenship and Immigration Services provided when denying plaintiff's provisional waiver application, that challenged basis is a "matter[] relating to" the discretionary denial for

which judicial review is prohibited. Id.

Moreover, the statute at issue here does not limit the proscription of judicial review to discretionary decisions regarding waivers, but rather all "decision[s] or action[s] . . . regarding a waiver." 8 U.S.C. § 1182(a)(9)(B)(v). In Patel, the Court held that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings" under certain sections of the INA, id. at 347, because Congress stripped jurisdiction over "any judgment regarding the granting of relief under" those sections, 8 U.S.C. § 1252(a)(2)(B)(i). Just as § 1252(a)(2)(B)(i) covers more than discretionary judgments, § 1182(a)(9)(B)(v) covers more than discretionary decisions and actions. See Patel, 596 U.S. at 341 ("Had Congress intended instead to limit the jurisdictional bar to 'discretionary judgments,' it could easily have used that language—as it did elsewhere in the immigration code."). Therefore, even if the particular action plaintiff challenges is not the discretionary denial of his provisional waiver application, judicial review is barred by the text of § 1182(a)(9)(B)(v).

In sum, where Congress has affirmatively barred judicial review of the agency action plaintiff challenges, this court lacks subject matter jurisdiction, and the complaint must be dismissed.

**CONCLUSION**

Based on the foregoing, defendants' motion to dismiss (DE 20) is GRANTED, and the complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 1st day of June, 2026.

LOUISE W. FLANAGAN
United States District Judge