IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:25-CV-78-FL

| | | |
|---|---|---|
| JIMMYE RAFAEL QUINONEZ MORALES,<br><br>Plaintiff,<br><br>v.<br><br>TODD BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, U.S. Secretary of Homeland Security; JOSEPH B. EDLOW, Director of U.S. Citizenship and Immigration Services,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter is before the court upon plaintiff's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (DE 27). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action with complaint filed July 9, 2025, against the United States Attorney General (the "Attorney General"), the United States Secretary of Homeland Security (the "Secretary"), and the Director of United States Citizenship and Immigration Services (the "Director" of "USCIS"), asserting a violation of plaintiff's due process rights under the Fifth Amendment to the Constitution and additional claims under the Administrative Procedure Act (the "APA"), 5 U.S.C. § 701 et seq., and the Declaratory Judgment Act, 28 U.S.C. 2201.[1] Plaintiff

[1] Plaintiff subsequently withdrew his claim of due process violation. (See DE 22 at 11).

sought declaratory and injunctive relief, attorneys' fees, and costs.

Defendants filed motion to dismiss for failure to state a claim and lack of subject matter jurisdiction. The court granted defendants' motion in order entered June 2, 2026 (the "prior order"), dismissing the complaint without prejudice for lack of subject matter jurisdiction. Judgment was entered that same day.

Plaintiff filed the instant motion to amend or alter judgment June 30, 2026, relying on proposed amended complaint. Plaintiff asks the court to vacate its prior order pursuant to Rule 59(e) and grant leave to amend the complaint pursuant to Rule 15(a)(2). At the court's direction, defendants responded August 17, 2026.

## STATEMENT OF FACTS

Where the facts alleged in plaintiff's proposed amended complaint do not differ materially from those in the original complaint, the court incorporates the summary of facts set out in its prior order:

> Plaintiff entered the United States as a minor in 2004, whereupon he was detained and place in removal proceedings. (Compl. ¶ 12). A removal hearing was scheduled for May 26, 2005 (the "hearing"), and notice to appear was served on plaintiff. (Id. ¶ 13). Plaintiff's mother "failed to transport [p]laintiff to the hearing," and plaintiff was ordered removed in absentia May 26, 2005. (Id. ¶¶ 13, 14).
>
> More than a decade later, plaintiff filed Form I-212, Application for Permission to Reapply for Admission into the United States After Deportation or Removal, which application was approved April 19, 2021. (Id. ¶ 15). Subsequently, plaintiff filed Form I-601A, Application for Provisional Unlawful Presence Waiver (the "provisional waiver application"),[2] "citing extreme hardship to his U.S. citizen spouse and reasonable cause for his failure to attend the removal hearing." (Id. ¶ 17). [USCIS] issued a request for evidence, "requiring [p]laintiff to explain his absence from the hearing," and "[p]laintiff responded with an affidavit and legal memorandum demonstrating that he was a minor dependent on his mother for transportation and had no knowledge or control over the hearing

[2] "Once effective, the waiver permits the noncitizen to receive an immigrant visa without the mandatory waiting period" that would otherwise apply. Lovo v. Miller, 107 F.4th 199, 203 (4th Cir. 2024) (citing 8 C.F.R. § 212.7(e)(12)(ii)).

> schedule." (Id. ¶¶ 17, 18). Ultimately, "[USCIS] denied [p]laintiff's application on November 26, 2024, asserting that the circumstances did not constitute reasonable cause under INA § 212(a)(6)(B)." (Id. ¶ 19).

(Id. at 3-4 (footnote omitted)) .

## COURT'S DISCUSSION

A. Standard of Review

Rule 59(e) allows "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). There are three reasons for granting a motion to alter or amend a judgment under Rule 59(e): 1) to accommodate an intervening change in controlling law; 2) to account for the availability of new evidence; or 3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555. "Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." Zinkand, 478 F.3d at 637.

Under Rule 15(a), leave to amend should be freely given and should be denied only where amendment would prejudice the opposing party, is sought in bad faith, or would be futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Although, the court "may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)," the "court should evaluate a postjudgment motion to amend the complaint under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470-71 (4th Cir. 2011).

B. Analysis

The court concluded that judicial review of the denial of plaintiff's Form I-601A waiver is barred by the INA, which provides, "No court shall have jurisdiction to review a decision or action by the Attorney General regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v). Plaintiff urges that he does not intend to challenge USCIS's discretion to deny his waiver but rather the "legal framework governing USCIS's adjudication of the application." (DE 28 at 5). Therefore, plaintiff requests opportunity to "clarify the legal theory he intended to assert." (Id.). Where plaintiff does not point to an intervening change in controlling law or new evidence, the court considers whether vacatur of judgment is necessary to correct a clear error of law or to prevent manifest injustice. See Zinkand, 478 F.3d at 637.

Relying on Moore v. Frazier, 941 F.3d 717 (4th Cir. 2019), plaintiff asserts that "the Fourth Circuit has recognized that legal questions antecedent to discretionary immigration determinations may, in appropriate circumstances, be analytically distinct from the discretionary determination itself." (Pl's Br. (DE 28) at 9). However, in Moore, the court considered the jurisdiction-stripping effect of 8 U.S.C. § 1252(a)(2)(B)(ii), not § 1182(a)(9)(B)(v). 941 F.3d at 724. That statute states that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).

In contrast, and as the court stated in its prior order, the statute at issue here does not limit the proscription of judicial review to discretionary decisions regarding waivers, but rather all "decision[s] or action[s] . . . regarding a waiver." 8 U.S.C. § 1182(a)(9)(B)(v); (see Prior Order (DE 24) at 7). Thus, the appropriate circumstances present in Moore are absent from the instant

matter.

Furthermore, although he "respectfully disagrees with [the court's] conclusion" concerning interpretation of the language "regarding a waiver," plaintiff does not point to any authority requiring a different interpretation. (See Pl's Br. (DE 28) 9). Therefore, the court reaffirms its holding that "even if plaintiff effectively challenged the legal framework applied . . . such a challenge would still be foreclosed by the plain language of 8 U.S.C. § 1182(a)(9)(B)(v)." (Prior Order (DE 24) at 6). Applying this determination to plaintiff's proposed amended complaint, which "challenges the legal standards applied by USCIS in adjudicating his Form I-601A," demonstrates that such amendment is futile because 8 U.S.C. § 1182(a)(9)(B)(v) strips this court of jurisdiction to review such action. (See Proposed Am. Compl. (DE 28-1) ¶ 1).

In sum, where he fails to establish a clear error of law, and where his proposed amendment is futile, plaintiff is not entitled to the relief he seeks. See Zinkand, 478 F.3d at 637; Katyle, 637 F.3d at 471.

**CONCLUSION**

Based on the foregoing, defendants' motion to alter or amend judgment (DE 27) is DENIED pursuant to Rules 59(e) and 15(a)(2).

SO ORDERED, this the 24th day of September, 2026.

LOUISE W. FLANAGAN
United States District Judge